**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VAN LE,

    Petitioner - Appellant,

v.

DEBBIE ALDRIDGE, Warden,

    Respondent - Appellee.

No. 17-6151
(D.C. No. 5:15-CV-01002-M)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

Van Le, an Oklahoma state prisoner, seeks a certificate of appealability (COA) to

challenge the denial of her habeas petition filed under 28 U.S.C. § 2254. *See id.*

§ 2253(c)(1)(A) (stating that no appeal may be taken from a final order denying a § 2254

petition unless the petitioner obtains a COA). We deny a COA and dismiss the appeal.

I

Ms. Le is serving a life sentence without the possibility of parole for the first

degree murder of a child she was babysitting. She immigrated to the United States from

Vietnam some seventeen years before the murder and claimed on direct appeal that she

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was denied a fair trial because she was tried without a qualified Vietnamese interpreter. She also claimed her attorney rendered ineffective assistance of counsel by failing to investigate her ability to speak and understand English, using an unqualified interpreter, and failing to prepare and present an effective defense. Lastly, she claimed cumulative error required reversal of her conviction. The Oklahoma Court of Criminal Appeals (OCCA) rejected these claims and upheld her conviction. *See Le v. Oklahoma*, No. F-2013-630 (Okla. Crim. App. Sept. 16, 2014) (unpublished). Ms. Le pursued federal habeas relief on the same claims, but a magistrate judge recommended that her § 2254 petition be denied, and the district court adopted that recommendation. The district court subsequently denied a COA. Ms. Le now seeks a COA in this court.

II

A COA is a jurisdictional prerequisite to our review. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires an applicant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We have reviewed the magistrate judge's report and recommendation, as adopted by the district court, and we conclude that reasonable jurists would not debate the district court's denial of relief. Federal habeas relief is precluded for claims adjudicated on the

2

merits by a state court unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A state court's factual determinations are presumed correct and are rebuttable only by clear and convincing evidence. *Id.* § 2254(e)(1).

## A. *Interpreter*

Ms. Le first claimed she was denied a fair trial because she was tried without a qualified Vietnamese interpreter. But she did not request an interpreter, and thus the OCCA reviewed only for plain error. The OCCA noted that on the day set for trial, Ms. Le's attorney sought a continuance because he had just recently discovered that she could, in fact, speak English. Her attorney had explained to the trial court that after several meetings with Ms. Le and a non-certified translator, he met with her alone and informed her that her son would be providing incriminating testimony, at which point she "became upset and began communicating with [him] in English." R. at 31. The non-certified translator had also testified that Ms. Le resisted his efforts to discuss the case, claiming she did not understand or know what happened to the victim, but her husband indicated to him that she lived in the United States for seventeen years and could understand English. Additionally, the OCCA observed that Ms. Le had communicated in English during a police interview, albeit at times with the help of an interpreter, and she testified in English at trial, experiencing some difficulty understanding questions on cross-examination but never indicating that she could not continue testifying due to a

3

misunderstanding. Given this evidence, the OCCA concluded that the trial court's failure to appoint a qualified interpreter was not plain error and did not prejudice her defense.

The district court denied relief, ruling that no clearly established federal law held that a trial court's failure to appoint an interpreter violated a defendant's constitutional rights when the defendant could speak and understand English and had no impediment preventing her from assisting in her defense. The court further concluded that the OCCA's decision was not based on an unreasonable determination of the facts, which included the trial judge's express finding that Ms. Le could speak English and did not need an interpreter to aid in her defense.

In her COA application, Ms. Le offers no argument or authority suggesting the district court's conclusion is reasonably debatable. She asserts she was confused during the trial and did not fully understand the extent of her prison term, but she cites no evidence (let alone clear and convincing evidence) to rebut the OCCA's findings. Under these circumstances, reasonable jurists would not debate the denial of this claim.

*B. Ineffective Assistance*

Ms. Le also claimed her attorney rendered ineffective assistance. To establish ineffective assistance of counsel, she had to show her attorney's deficient performance prejudiced her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ms. Le claimed her attorney was ineffective in failing to investigate her ability to speak and understand English, failing to use a qualified interpreter, and failing to prepare and present an effective defense. She sought an evidentiary hearing on these claims and submitted affidavits from several people attesting to her limited ability to speak English.

4

She also submitted affidavits indicating her son would sometimes make inaccurate statements, she and her husband were good people, the victim would often get sick in her care, and her counsel failed to elicit favorable testimony from five potential witnesses.

Invoking *Strickland*, the OCCA denied Ms. Le an evidentiary hearing because she failed to establish by clear and convincing evidence "a strong possibility [that] trial counsel was ineffective for failing to utilize or identify the complained-of evidence," as required by Rule 3.11(B)(3)(b)(i), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. The OCCA explained that Ms. Le's supporting affidavits reflected her limited understanding of English, but there was contrary evidence demonstrating she understood the proceedings, the proceedings were fundamentally fair, and an interpreter was available to her. The OCCA also noted that she failed to show the non-certified translator conveyed inaccurate information. Finally, regarding Ms. Le's contention that her attorney failed to prepare and present an effective defense, the OCCA determined that defense counsel had full access to discovery, met with Ms. Le several times, and presented a reasonably effective defense challenging the sufficiency of the evidence. Under these circumstances, the OCCA concluded that Ms. Le failed to show her attorney rendered ineffective assistance.

The district court determined that the OCCA reasonably applied *Strickland*. The district court observed that, under Oklahoma law, the denial of a Rule 3.11 evidentiary hearing is necessarily an adjudication that a defendant failed to show defense counsel was ineffective under the *Strickland* standard. *See* R. at 423 (citing *Simpson v. Oklahoma*, 230 P.3d 888, 905-06 (Okla. Crim. App. 2010)). Moreover, the district court recognized

5

that the OCCA's ruling "'operates as an adjudication on the merits of the *Strickland* claim and is therefore entitled to deference under § 2254(d)(1).'" *Id.* (quoting *Lott v. Trammell*, 705 F.3d 1167, 1213 (10th Cir. 2013)). Thus, applying deferential review and considering the record and the material Ms. Le submitted in support of her claims, the district court concluded that she was not entitled to relief because she failed to demonstrate that fairminded jurists would disagree with the OCCA's assessment of her counsel's effectiveness.

This conclusion is not reasonably debatable. Ms. Le claims her attorney failed to investigate her ability to speak and understand English, but she cites no evidence to rebut the OCCA's presumptively correct finding that she understood the proceedings. She also claims counsel used an inadequate interpreter, but she cites no evidence to counter the OCCA's conclusion that she failed to show the translator made inaccurate communications in her case. Last, she claims her attorney failed to prepare and present an adequate defense, but she offers only her own characterization of the evidence and does not explain how she was prejudiced.

### C. Cumulative Error

Finally, Ms. Le claimed cumulative error. Absent any errors, however, reasonable jurists would not debate the district court's rejection of this claim. *See Hooks v. Workman*, 689 F.3d 1148, 1195 (10th Cir. 2012) (holding that cumulative-error analysis "does not apply to the cumulative effect of non-errors" (ellipsis and internal quotation marks omitted)).

6

### III

We deny a COA and dismiss this appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge